FILED
SUPERIOR COURT
OF GUAM

2020 DEC 16 PM 3: 30

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) Criminal Case No. CF0020-18 |
| | ) GPD Report No. 17-36374 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **DECISION AND ORDER** |
| | ) **GRANTING REVOCATION OF** |
| CHRIS PEREZ CALICA JR., | ) **PROBATION** |
| DOB: 07/09/1992 | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 4, 2020 for a Return of Warrant Hearing in the above captioned matter related to Chris Perez Calica Jr.'s ("Defendant's") failure to abide by his probationary terms and the Adult Probation Office's First and Second Violation Reports. Defendant is represented by Assistant Public Defender Earl Anthony V. Espiritu and the People of Guam are represented by Assistant Attorney General Sean Brown. During the hearing, the Court revoked the Defendant's probation, sentenced defendant to three (3) years incarceration, and now issues this written decision memorializing its ruling.

## BACKGROUND

In January 2018, the Defendant was charged with Theft of Property (As a 3rd Degree Felony). Magistrate's Complaint (Jan. 10, 2018). The Defendant subsequently pled guilty to

Theft of Property (As a 3rd Degree Felony), and a judgment was entered imposing the terms of the agreement: three (3) years incarceration (all but five (5) months suspended) with credit for time served; probationary term of three (3) years; fine of one thousand four hundred dollars ($1,400) plus Court costs of eighty dollars ($80); community service totaling one hundred (100) hours); and restitution liability towards the victim, Hong Soon Im. Judgment of Conviction at 1-4 (Jun. 11, 2018). The following relevant conditions of probation were imposed:

- Defendant shall obey all local and federal laws. *Id.* at 4.

- Defendant shall not live in a residence that has firearms. *Id.* at 3.

- Defendant shall stay away from all firearms and other deadly weapons, and is not to possess, carry, transfer, or use any firearms. *Id.* at 3.

- Defendant shall report to the Client Services and Family Counseling with the Superior Court of Guam for intake and assessment. The Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, individual counseling, group counseling, and family counseling. *Id.* at 3.

On August 30, 2018, Defendant was arrested and charged with Possession of a Firearm Without a Firearm ID Card and Possession of a Scheduled II Controlled Substance in Superior Court Criminal case no. CF0528-18. First Violation Report (Sep. 4, 2018).

In September 2019, a violation report was filed, stating the Defendant had failed to make payments towards both his Court Fine of $1,400 and his Court Cost of $80, failed to complete his 100 hours of Community Service, and failed to schedule an assessment appointment with Client Services and Family Counseling. Second Violation Report (Sep. 16, 2019).

The Court held a Return of Warrant Hearing in which the Court decided to revoke the Defendant's probation. Minute Entry (Dec. 4, 2020).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's

probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant violated multiple terms of his probation when he was arrested for and plead guilty to federal firearm charges. First Violation Report (Sep. 4, 2018). Defendant continued to violate his probationary terms when he failed to make payments towards both his Court Fine of $1,400 and his Court Cost of $80, failed to complete his 100 hours of Community Service, and failed to schedule an assessment appointment with Client Services and Family Counseling. Second Violation Report (Sep. 16, 2019).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant failed to pay off his Fines/Court Costs, failed to complete his Community Service, and failed to schedule his Client Services and Family Counseling appointments. Second Violation Report (Sep. 15, 2019). In the meantime, Defendant was both charged with and convicted of additional federal firearms charges. First Violation Report (Sep. 4, 2018). Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Chris Perez Calica Jr.'s probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to three (3) years incarceration at the Department of Corrections, Mangilao. This sentence shall run concurrently with Defendant's incarceration in CR20-00018. Defendant shall be credited for any time already served in the above-captioned matter. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this ____DEC 1 6 2020____ *nunc pro tunc* to December 4, 2020.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
___Atn, prosc; L. Travis___

Date: 12|16|20 Time: 5:44p -
Antonio-M Cruz
Deputy Clerk, Superior Court of Guam